**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

September 8, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 05-3087, 05-3088, 05-3445,
05-3446, 05-3457

UNITED STATES OF AMERICA,
　　*Plaintiffs-Appellee*,
　　*Cross-Appellant*,

　　　　*v.*

WILEY JOHNSON and ANTHONY
GEORGE,
　　*Defendants-Appellants*,

　　　　*v.*

COLUMBUS MALONE,
　　*Defendant, Cross-Appellee*.

Appeals from the United States
District Court for the Northern
District of Indiana, Hammond
Division.

No. 02 CR 44

Allen Sharp, *Judge*.

**O R D E R**

On August 4, 2003, Wiley Johnson, Anthony George and Columbus Malone were convicted of, among other charges, conspiracy to possess with intent to distribute 50 or more grams of cocaine, *see* 21 U.S.C. § 846, and distributing 50 grams or more of crack cocaine, *see id.* § 841(a)(1). The district court sentenced both

Mr. Johnson and Mr. George to 360 months' imprisonment; it sentenced Mr. Malone to 292 months' imprisonment. The defendants appealed their convictions and sentences. We affirmed the convictions, but, pursuant to the procedure set forth in *United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005), ordered a limited remand to determine whether the district court would have imposed a different sentence had it realized that the Sentencing Guidelines are advisory.

The district court replied that it would resentence each of the three defendants. Therefore, we remanded the case to the district court for resentencing. In a resentencing proceeding, the court reduced each defendant's base offense level from 38 to 32 based on the jury's finding, at the time of the original verdict, that each was responsible for the distribution of more than 50 grams of cocaine, not the 1.5 kilograms for which he previously had been sentenced. The court then added two points to each defendant's offense level because it found that a dangerous weapon had been used in the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1). It sentenced Mr. Johnson to 200 months' imprisonment, Mr. George to 236 months' imprisonment and Mr. Malone to 170 months' imprisonment.

Mr. Johnson and Mr. George now appeal; they contend that the district court erred in applying a sentencing enhancement for the use of a dangerous weapon because the enhancement was premised on judge-found facts. The Government cross-appeals. It contends that, with respect to all three defendants, the district court misinterpreted *Booker* in resentencing the defendants. We affirm the district court's application of the sentencing enhancement, but remand the case to the district court for resentencing.

# I

Mr. Johnson, Mr. George and Mr. Malone were indicted on multiple charges stemming from various drug transactions in Gary, Indiana. On August 4, 2003, a jury found Mr. Johnson and Mr. George guilty of conspiracy to possess with the intent to distribute crack cocaine, *see* 21 U.S.C. § 846, and the distribution of crack cocaine, *see id.* § 841(a)(1); Mr. Malone was found guilty of conspiracy to distribute cocaine base, *see id.* § 846, and the distribution of cocaine base and of crack cocaine, *see id.* § 841(a)(1).

At the original sentencing hearings, the district court determined that each defendant's base offense level was 38. The jury had found, in its verdict, that each defendant was responsible for the distribution of more than 50 grams of cocaine. The court, however, attributed to each defendant a total of 1.5 kilograms of cocaine. It made no explicit findings as to the quantity of drugs but instead appears to have misread the jury verdict as it related to the amount of drugs for which each

defendant was responsible.[1]  The district court then added two levels to each defendant's offense level, finding that a dangerous weapon was used in the commission of the offense.  *See* U.S.S.G. § 2D1.1(b)(1).  The district court sentenced both Mr. Johnson and Mr. George to 360 months' imprisonment.  It sentenced Mr. Malone, who had a criminal history score of 0, to 292 months' imprisonment.

The defendants appealed their convictions and sentences.  We affirmed each of the defendant's convictions, concluding that they were supported by substantial evidence.  *See United States v. Johnson,* Nos. 03-3976, 4028, 4056, slip op. (7th Cir. Apr. l5, 2005).  However, because the defendants were sentenced "under the then-mandatory guidelines scheme, based on solely judge-found facts," *id.* at 10, we directed a limited remand of each defendant's sentence pursuant to the procedure set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), while retaining jurisdiction.[2]

The district court later informed us that, in the absence of mandatory Guidelines, it would have imposed a different sentence.  We therefore remanded the case to the district court for resentencing.  On resentencing, the court wrote:

> The Defendant was sentenced based upon a total of 1.5 kilograms of crack cocaine.  The jury was not asked to determine whether Defendant was responsible for that quantity; rather, the jury was only asked whether the Defendant was responsible for more than 50 grams of crack cocaine. . . .  [I]n light of *United States v. Booker*[, 543 U.S. 220 (2005)], this court erred (and . . . the error is clear) by increasing the Defendant's sentence based solely on the judge-found fact of amount of narcotics.

R.326 at 4 (Johnson); R.324 at 4 (George); R.322 at 4 (Malone).  Accordingly, the district court then reduced each defendant's base offense level from 38 to 32, based on the distribution of in excess of 50 grams of crack cocaine.  *See* U.S.S.G. §

---

[1] *See* R.264 at 3 (explaining that it "relie[d] on the jury verdict in this case, which found [Mr. Johnson] guilty of distributing more than 1.5 kilograms of crack cocaine"); R.267 at 3-4 (same, as to Mr. Malone).  *But see* R.271 at 4 (holding that the Government "prove[d] at trial" that Mr. George was "accountable for distributing in excess of 1.5 kilograms of crack cocaine").

[2] *See United States v. Johnson,* Nos. 03-3976, 4028, 4056, slip op. at 10 (7th Cir. Apr. 5, 2005) (noting that the record does not make clear whether the district court would have imposed a different sentence had it realized that the Guidelines are merely advisory, as well as that the district court apparently misstated the quantity of drugs attributable to each defendant by the jury, possibly warranting resentencing).

2D1.1(c)(4). To the new base offense level, the court added, with respect to each of the three defendants, two points for the use of a dangerous weapon in the commission of the offense, *see id.* § 2D1.1(b)(1), resulting in a total offense level of 34. The district court then sentenced Mr. Johnson to 200 months' imprisonment and Mr. George to 236 months' imprisonment. Mr. Malone was sentenced to 170 months' imprisonment. The district court also imposed on each defendant the statutory minimum of five years' supervised release for violation of 21 U.S.C. § 846 and four years' supervised release for violation of 21 U.S.C. § 841, to run concurrently. The conditions of supervised release included the fifteen standard conditions listed in U.S.S.G. § 5D1.3(c).

Mr. Johnson and Mr. George timely appealed their new sentences. They challenge the district court's application of the two-point enhancement under U.S.S.G. § 2D1.1(b)(1); they contend that they did not admit to using, nor did a jury find that they used, a dangerous weapon in the commission of their offenses. The Government cross-appeals against all three defendants; it contends that the district court misinterpreted *Booker* in resentencing the defendants. According to the Government, the district court was obligated to hold each defendant accountable not only for the drug quantity attributed to him by the jury but also the quantity attributed to him by the court.

## II

We review de novo the district court's legal interpretation and application of the Sentencing Guidelines. *United States v. Jones*, 448 F.3d 958, 959 (7th Cir. 2006).

### A.

We first address Mr. Johnson and Mr. George's contention that the district court erred in applying a two-level enhancement for use of a dangerous weapon in the commission of their offenses premised on judge-found facts. *See* U.S.S.G. § 2D1.1(b)(1). In their view, the maximum sentence for their crimes should be defined as the high end of the guidelines sentencing range based on the jury verdict, without any additional findings by the district judge. Because the district court found additional facts and used these facts to increase the advisory sentencing range by two points, Mr. Johnson and Mr. George contend that their sentences violate the Sixth Amendment. *See Blakely v. Washington,* 542 U.S. 296 (2004).

This position is without merit. As we have explained, "[*United States v.*] Booker, [543 U.S. 220,] clearly permits a district court to grant a sentencing enhancement based on facts not charged in the indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant." *United States v.*

*Owens*, 441 F.3d 486, 490 (7th Cir. 2006). Such fact-finding is acceptable "because the guidelines are now nonbinding." *United States v. Robinson,* 435 F.3d 699, 702 (7th Cir. 2006). Post-*Booker*, our inquiry is two-fold: "First, we examine whether the district court calculated the appropriate advisory sentencing range; and second, we review whether the sentence imposed was reasonable, by reference to the sentencing factors specified in 18 U.S.C. § 3553(a)." *Owens*, 441 F.3d at 490.

The district court did not err in applying a two-point enhancement under U.S.S.G. § 2D1.1(b)(1). The defendants do not contest that they in fact used a dangerous weapon in the commission of the underlying crimes, nor do they submit that the sentences imposed are unreasonable. We therefore hold that the district court did not err in using judge-found facts to increase the defendants' total offense level, and we affirm the district court's application of the sentencing enhancement.

**B**.

We turn now to address the Government's contention that the district court erred in recalculating the quantity of drugs attributable to each defendant.

As noted above, *Booker* held that the Sentencing Guidelines are advisory rather than binding. *See* 543 U.S. 220 (2005). The import of Booker is that, "*after* computing the sentencing range according to the statute and Guidelines[,] a judge has discretion to impose a reasonable sentence that is outside the range (provided that statutory minimum penalties are respected)." *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006) (emphasis in original). In other words, *Booker* "does not preclude a sentencing judge from making factual findings that have the effect of increasing the Guidelines sentencing range." *United States v. Harrison,* 431 F.3d 1007, 1014 (7th Cir. 2005). Instead, it renders "the Guidelines advisory in order to avoid the constitutional problem that mandatory application of the Guidelines otherwise would present." *Id.* Post-*Booker,* a district judge first is required "to compute the guidelines sentence just as he would have done before *Booker,* and then--because *Booker* demoted the guidelines from mandatory to advisory status--to decide whether the guidelines sentence is the correct sentence to give the particular defendant" by reference to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Dean,* 414 F.3d 725, 727 (7th Cir. 2005).

The district court did not adhere to this framework. It appears to have been under a misapprehension of the role that a jury verdict plays in a post-*Booker* world. Specifically, the district court interpreted our 2005 order in this case as requiring it to calculate each defendant's base offense level "in line with the amount of crack cocaine for which each defendant was convicted." R.322 at 5; R.326 at 5; R.324 at 5. In other words, according to the district court, it was precluded by *Booker* from making independent factual findings in assessing the defendants'

relevant conduct for the purpose of setting the appropriate guidelines range. *See* R.322 at 5; R.326 at 5; R.324 at 5 (noting, as to each of the defendants, that it was not authorized to accept the Government's view of the evidence--that each defendant was responsible for "distributing far more than 1.5 kilograms of crack"-- because the jury did not credit this view at trial). The district court's approach is inconsistent with our case law, which "clearly permits a district court to grant a sentencing enhancement based on facts not charged in the indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant," so long as the court properly recognizes the Guidelines as advisory and so long as the sentence imposed is reasonable. *Owens*, 441 F.3d at 490; *see also Robinson,* 435 F.3d at 701-02 ("True, *Booker* holds that judges may not find facts that increase the maximum punishment and that a mandatory sentencing guidelines scheme violates that rule. But *Booker* resolved the problem by making the guidelines advisory; judicial fact-finding in sentencing is acceptable because the guidelines are now nonbinding."). On remand, the district court instead should have considered whether, in light of the fact that the Guidelines are advisory, the sentences previously imposed were reasonable, taking into account the factors set forth in 18 U.S.C. § 3553(a).

We therefore vacate the defendants' sentences and remand the cases to the district court. To ascertain the appropriate sentence on remand, the district court first should determine the amount of cocaine attributable to each defendant under the counts of conviction and the defendants' relevant conduct. To do so, the court must evaluate the evidence submitted by both sides and make appropriate findings of fact as to the quantity of cocaine for which each defendant is responsible. From these findings, the court then should calculate the appropriate *advisory* guidelines range. Having calculated this range, the court must determine whether the factors set forth in 18 U.S.C. § 3553(a) require any adjustment, upward or downward, to the advisory range. If an adjustment is required, the court must explain, in writing or on the record, the reasons for the sentence imposed, in order to make that sentence reasonable. *See United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006).

## Conclusion

For the reasons set forth in the foregoing order, we affirm the district court's application of a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). However, we vacate the defendants' sentences and remand their cases to the district court for proceedings consistent with this opinion.

AFFIRMED in part;
VACATED and REMANDED in part