# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-2698

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GILBERT W. ALLDAY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:06 CR 216-01—**Rudy Lozano**, *Judge.*

———————

ARGUED MAY 5, 2008—DECIDED SEPTEMBER 5, 2008

———————


Before CUDAHY, POSNER, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Gilbert W. Allday pleaded guilty to one count of violating 18 U.S.C. § 2252(a)(2) by receiving sexually explicit images and videos of minors on his home computer. The district court sentenced him to 97 months imprisonment, the bottom of the 97 to 121-month range recommended by the United States Sentencing Guidelines. He appeals, arguing that the district court improperly applied a presumption in favor of the

Guidelines at sentencing. Because we do not believe the district court applied such a presumption, we affirm his conviction and sentence.

## I.

A devoted and by all accounts loving father and grand-father, Gilbert Allday is hardly a man one would expect to find sentenced to eight years in federal prison for receiving child pornography. Expectations aside, in January 2004 Allday began looking at pornographic web sites while surfing the Internet. From there, Allday began visiting web sites depicting minor children engaged in sexual acts. By August 2005, Allday had amassed some 541 still images and 82 movie files depicting minors engaged in sexually explicit conduct.

Allday pleaded guilty without the benefit of a plea agreement to violating 18 U.S.C. § 2252(a)(2), which prohibits the knowing receipt of any image of a minor engaging in sexual conduct that has been transported in interstate commerce and "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." That statute carries a five-year mandatory minimum term of imprisonment. 18 U.S.C. § 2252(b)(2). Before sentencing, Allday submitted a sentencing memorandum in which he argued that he should be sentenced to the five-year mandatory minimum. He emphasized the fact that he was 64 years old and suffering from a number of health problems, including sleep apnea that required nightly monitoring with a machine, a heart condition, and diabetes. He also argued that his stable

work history (41 years as a Union laborer), military service, and first-time offender status all militated in favor of a five-year sentence. Finally, he submitted a number of letters from his step-children and grandchildren, all attesting to the fact that he was a loving and supportive father and grandfather. The district court instead sentenced Allday to 97 months imprisonment, the bottom of the undisputed 97 to 121-month Guideline range.

## II.

On appeal, Allday argues that the district court erroneously applied a presumption of reasonableness to the Guidelines at sentencing. We review de novo the issue of whether the district court followed the proper sentencing procedures in the wake of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). Although the Supreme Court in *Rita v. United States* approved of an *appellate* presumption of reasonableness for sentences within a properly calculated Guidelines range, the Court clarified that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 127 S. Ct. 2456, 2465 (2007). Instead, the district court is ordinarily obliged to first consider the presentence report and its calculation of the Guidelines and then consider the respective parties' arguments as to whether the Guidelines sentence should apply, *id.*, all "without any thumb on the scale favoring a guideline sentence," *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

Allday believes several comments that the sentencing judge made at Allday's change of plea hearing and at sentencing demonstrate that the court employed just such a presumption in favor of a Guidelines sentence. He points out that at his plea hearing, the district court told him that if it found the Guideline range "to be fair and reasonable," Allday would "be sentenced within that Guideline range." Allday also takes issue with the district court's conclusion that, given Allday's offense and the mandatory minimum sentences associated with child pornography, the Guidelines were in fact "fair and reasonable." Allday argues that the sentencing judge essentially shifted to him the burden of proving that the Guidelines sentence was unreasonable. It is true that the district court can neither presume the Guidelines to be reasonable nor place the burden on the defendant to demonstrate the unreasonableness of a Guidelines sentence. But the sentencing transcript as a whole reveals that the district court here did neither.

The court considered the reasons advanced by Allday in support of a lower sentence, and ultimately concluded that a sentence within the Guidelines range was appropriate. Although the court did not explicitly reference every sentencing factor in 18 U.S.C. § 3553(a), it is clear from its discussion that it considered § 3553(a) as well as Allday's particular arguments. *See*, *e.g.*, *United States v. Millet*, 510 F.3d 668, 680 (7th Cir. 2007) ("Although the defendant might have liked the court to address each of his arguments for a below-Guidelines sentence in detail and list each § 3553(a) factor bearing on the sentencing determination, the court was not required to do so."). First,

the district court considered the nature of Allday's offense. The court took note of the large number of pornographic images Allday had amassed and the resulting real-world molestation of children in deeming Allday's offense a "very, very serious crime." The court also considered the need to deter both Allday and others from committing crimes that "take advantage of our youth," including receiving child pornography, regardless of involvement in its production. Finally, the court considered Allday's individual circumstances and concluded that the Guidelines were indeed "fair and reasonable." Specifically, the court determined that Allday's age (64) did not warrant a lower sentence, and in fact might make him more dangerous because society may expect him to be "gentle and trustworthy." The court also took into account Allday's health problems and concluded that the Bureau of Prisons could adequately treat his "whole array of problems," including his sleep apnea and diabetes.

Given the court's discussion at sentencing, it is clear that it considered Allday's argument for a lower sentence and his particular circumstances. It is also clear that the court recognized that the Guidelines were in no way binding on its decision. The district court explained at Allday's change of plea that before deciding on a sentence, it would consider "numerous factors." It also explained that a Guideline range would be calculated and that if it found that range "to be fair and reasonable" it would sentence Allday within that range. Immediately following that pronouncement, however, the sentencing judge clarified that, "[i]f I do not find it to be fair and reasonable, I can go higher or I can go lower than that Guideline range." Thus, the court's reference to the Guidelines

being "fair and reasonable" is more properly viewed as the court's understanding that "the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 127 S. Ct. at 2464-65. The discussion at sentencing reveals that the sentencing judge understood his obligation to independently decide whether the Guideline sentence achieved the goals of § 3553(a). The record reveals that the sentencing judge considered each of Allday's arguments, and the context of his statement makes clear that no presumption of reasonableness was employed. Rather, the judge concluded that the reasons advanced by Allday and the § 3553(a) factors were insufficient to warrant a sentence below the 97 to 121-month range. The fact that the judge concluded after considering Allday's arguments that the range was "reasonable" in no way demonstrates that the court erroneously *presumed* the range reasonable. *See Rita*, 127 S. Ct. at 2469 (taken in context, sentencing judge's comment that Guidelines range "was not 'inappropriate'" did not signal misunderstanding of legal standard for imposition of sentence). In sum, we are satisfied that the district court understood its obligation to consider Allday's arguments and make an "individualized assessment based on the facts presented." *Gall v. United States*, 128 S. Ct. 586, 596-77 (2007). Based on that assessment, the court concluded that the bottom of the Guideline range represented an appropriate sentence, and we see no reason to disturb that conclusion.[1]

---

[1] We note that Allday's argument on appeal is limited to his claim that the district court committed a procedural error at

(continued...)

### III.

We thus AFFIRM Allday's conviction and sentence.

---

[1] (...continued)
sentencing by applying a presumption of reasonableness to the Guidelines. We thus have no occasion to consider the separate issue of whether his 97-month sentence is in fact reasonable.