NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 14, 2009
Decided August 4, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOSEPH VAN BOKKELEN, *District Judge* [*]

No. 08-4238

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08 CR 30060 |
| | |
| DEMARKO STEWARD, | J. Phil Gilbert, |
| *Defendant-Appellant*. | *Judge*. |

**ORDER**

Demarko Steward, a small-time drug trafficker, was sentenced to a term of 200 months after the district court concluded that he was a career offender under the sentencing guidelines. Steward appeals his sentence by mounting, as he did before the district court, a sweeping attack on the use of the career offender enhancement on low-level

---

[*] The Honorable Joseph Van Bokkelen, United States District Court Judge for the Northern District of Indiana, sitting by designation.

drug dealers like himself and arguing that the court accorded the enhancement undue weight.

In 2005, the police set up three controlled buys through a confidential informant and an undercover officer over a four-month period, with Steward as their target. The buys were a success--Steward sold 11.5 grams of crack cocaine and 1.2 grams of cocaine. On one occasion he also brokered the sale of an inoperable handgun. Steward received the gun in a cocaine deal and then immediately resold it to the informant for $80. Two years later Steward was indicted for distributing crack cocaine (two counts), distributing cocaine, and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). He pleaded guilty to all counts.

A probation officer prepared a presentence report, noting that Steward was a career offender since he had three prior state convictions for possession with intent to deliver either cocaine or marijuana. U.S.S.G. § 4B1.1. But like the charged conduct, these prior drug trafficking convictions showed that he was no large-scale distributor. In total (combining all three convictions), Steward was caught with less than 6 grams of cocaine and less than 25 grams of marijuana. Based on the career offender enhancement, the probation officer calculated Steward's guidelines range to be 188 to 235 months of imprisonment. Were he not a career offender, the range would have been 100 to 125 months of incarceration.

Steward objected to the PSR, arguing that the career offender enhancement, for low-level retail traffickers, was fatally flawed. He contended that at its inception the enhancement, like the 100-1 crack to powder cocaine sentencing ratio, lacked empirical support and cited a Sentencing Commission report questioning its use in cases like his. U.S. SENTENCING COMM'N, FIFTEEN YEARS OF GUIDELINES SENTENCING: AN ASSESSMENT OF HOW WELL THE FEDERAL CRIMINAL JUSTICE SYSTEM IS ACHIEVING THE GOALS OF SENTENCING REFORM 133-34 (2004). The government responded by pointing out that the enhancement technically applied--a fact that Steward did not dispute--and that the court had an obligation to accurately calculate the guidelines range before imposing Steward's sentence. In its view, Steward's contention was merely a "sentencing argument masquerading as a PSR objection." Steward, however, also made a straightforward sentencing argument in a separate statement of mitigating factors. There, he argued that the enhancement's application resulted in a sentence greater than necessary, in contravention to the sentencing factors listed in 18 U.S.C. § 3553(a). He reiterated his attack on the career offender guidelines but also pointed to his tough childhood, which included abuse at the hands of alcoholic parents and stints in foster care, as well as his active pursuit of drug treatment. Ultimately, he argued for a sentence of 100 months, the bottom of his unenhanced guidelines range.

At sentencing the district court first dealt with Steward's objections to the PSR. Noting that he fell within the ambit of the career offender enhancement, the court agreed with the probation officer and the government and set the guidelines range at 188 to 235 months. In reaching this decision, the court stated that "if the career offender status under the guidelines, the law, is going to be changed, it's not going to [be] by this Court." It then proclaimed that it had "considered all the information in the presentence report including guideline computations and factors set forth in 18 U.S.C. § 3553(a)" and sentenced Steward to 200 months. The court provided no further analysis of the statutory sentencing factors, nor did it mention any of Steward's arguments under those factors.

On appeal Steward renews his wholesale attack on the career offender guidelines. A district court's duties at sentencing are twofold: first, the court must correctly calculate the applicable guidelines range; secondly, it must make an individualized assessment of the defendant, in light of the sentencing factors listed in 18 U.S.C. § 3553(a), to arrive at a reasonable sentence and adequately explain the chosen sentence to allow for meaningful review. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Because Steward seems to argue that the career offender guidelines are so flawed that they should have been ignored at both steps, we turn to the district court's execution of this two-step process.

As an initial matter, the court correctly applied the enhancement when calculating the guidelines range. Steward admits that he technically fits under the career offender guideline, and the district court was not free to ignore this fact--it is well-settled (as we've just noted) that the district court's first obligation is to correctly calculate the defendant's guidelines range, as they stand. *Gall*, 128 S. Ct. at 596; *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). The court's statement that the career offender status enhancement is "the law" was not, as Steward argues on appeal, a revelation of its mistaken belief that the guidelines were mandatory. In fact, during both the sentencing hearing and the change of plea hearing, the court explicitly recognized that they are advisory. Rather, the statement merely reaffirms the court's obligation to accurately calculate the guidelines range during the sentencing hearing.

But the court's duties do not end after the guidelines are calculated. The guidelines provide insight for fashioning an appropriate sentence, but the punishment must ultimately be based on § 3553(a) "without any thumb on the scale favoring a guideline sentence." *Sachsenmaier*, 491 F.3d at 685; *see also Nelson v. United States*, 129 S. Ct. 890, 892 (2009). Steward not only attacked the guidelines calculation, but he also maintained that the calculation yielded a punishment greater than necessary, contravening § 3553(a). Steward renews this argument on appeal, and so we must review his sentence for an abuse

of discretion, remanding for resentencing only if the district court failed to consider the statutory factors or failed to adequately explain the chosen sentence. *Gall*, 128 S. Ct. at 597.

On this record, we reluctantly find an abuse of discretion. The court's entire § 3553(a) analysis consists of a fragment of a sentence, where it mentions in passing that it considered the statutory factors. True, a court need not belabor its analysis, *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005), but it must explain its decision adequately enough to allow for appellate review, *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) ("A rote statement that the judge considered all relevant factors will not always suffice; the temptation to a busy judge to impose the guidelines sentence and be done with it, without wading into the vague and prolix statutory factors, cannot be ignored."). And while a district court is free to gloss over insubstantial arguments, ignoring a defendant's principal contention is not wise.

Here, Steward presented unrebutted evidence that he was a small-time drug dealer. His prior distribution convictions--the crimes that made him a career offender--involved, in total, around a shot glass full of illegal substances. Steward also pointed to the Sentencing Commission's own report, questioning the efficacy of using drug trafficking convictions, especially for retail-level traffickers, to qualify a defendant for career offender status. U.S. SENTENCING COMM'N, *supra*, at 133-34. The Commission noted that the goal of incapacitating criminals was undermined since, unlike repeat violent offenders (who also qualify as career offenders), retail-level drug traffickers are readily replaced. Likewise, preliminary research suggests that the recidivism rates for drug traffickers sentenced as career offenders are much lower than other offenders who are similarly assigned to a criminal history category VI. And on top of this generalized evidence, the PSR notes that Steward, who was receiving drug treatment, was not only compliant, but that he spent extra time trying to get straight. According to his health care providers, he seemed "very sincere in his efforts to change his life and be a better father."

These facts add up to a nonfrivolous argument for a sentence at the low end, or even below, the guidelines range. After *United States v. Booker*, 543 U.S. 220 (2005), the district court is free to, in fact required to, look beyond a defendant's career offender status, to his individual situation to determine a reasonable sentence under § 3553. *See United States v. Liddell*, 543 F.3d 877, 884-85 (7th Cir. 2008) (holding that all of the sentencing guidelines, including the career offender enhancement, are advisory); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) (same). That statute requires the district court to "impose a sentence sufficient, but not greater than necessary," taking into account (among other things) the defendant's history and the need to protect the public from further crimes of the defendant. *See id.* at (a)(1), (a)(2)(C). Steward's well-supported plea for a 100-month

sentence focused on these two factors, but the court passed over his request in silence. By doing so we cannot be sure that the court exercised its discretion (that is, even considered the factors relevant to sentencing raised by Steward), let alone whether it abused its discretion in doing so. This shortcoming precludes affirming Steward's sentence.

Of course, reasonableness is a range, not a point, and we recognize that the sentence imposed by the judge may, if further explained, pass muster. We express no view on the proper sentence and hold only that the court must adequately explain its sentence under § 3553(a). Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing.