**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009
Decided August 28, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3928

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06-CR-30166-11 |
| | |
| GUILLERMO ORDUNO, | David R. Herndon, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Guillermo Orduno was caught in the investigation of a drug ring operating in East
St. Louis, Illinois, and St. Louis, Missouri. Orduno was arrested after he helped procure a
shipment of 35 kilograms of cocaine and accompanied that shipment from Arizona to
Illinois. He was convicted after a jury trial of possession with intent to distribute, 21 U.S.C.
§ 841(a)(1), and sentenced to 170 months' imprisonment. Orduno filed a notice of appeal,
but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967),
because he cannot discern any nonfrivolous ground for appeal. Orduno filed a response to
his lawyer's submission. *See* CIR. R. 51(b). Limiting our review to the potential issues
identified in counsel's facially adequate supporting brief and in Orduno's submission, *see*

*United States v. Cano-Rodriquez*, 552 F.3d 637, 638 (7th Cir. 2009), we grant counsel's motion and dismiss the appeal.

At trial the government presented the testimony of five players in the drug shipment. They testified that Orduno was a middleman in the drug deal—he was the connection between a dealer who could get a large quantity of cocaine and another middleman in Arizona who could sell the cocaine to a buyer in Illinois. The dealer, the other middleman, the buyer, and Orduno all accompanied the shipment from Arizona to Illinois to assure that nothing went wrong. Something did go wrong, though, because the buyer was cooperating with the authorities. Orduno did not testify at his trial or present any other evidence. His lawyer argued to the jury that the government's witnesses were not believable. Although counsel acknowledged that Orduno had been present, he argued that the government had not proved that he actually participated in the drug deal. The jury disagreed and voted to convict.

We begin with Orduno's suggestion that appellate counsel could argue that the delay in bringing him to trial violated the Speedy Trial Act, 18 U.S.C. §§ 3161-74. But by failing to seek dismissal on this ground in the district court, Orduno waived his right to enforce the act's time limit. *See id.* at § 3162(a)(2); *United States v. Broadnax*, 536 F.3d 695, 698-99 (7th Cir. 2008) (citing *United States v. Morgan*, 384 F.3d 439, 443 (7th Cir. 2004)). Orduno's waiver precludes us from applying even plain-error review, s*ee Broadnax*, 536 F.3d at 698-99, so any argument under the Speedy Trial Act would be frivolous.

Next, counsel considers whether Orduno could challenge the jury verdict as lacking evidentiary support because no evidence showed that he physically possessed the cocaine. But conviction under § 841(a)(1) can be supported by proof of constructive possession, i.e., evidence that the defendant "had the power and intent to exercise control over the illegal drugs." *See United States v. Campbell*, 534 F.3d 599, 605-06 (7th Cir. 2008) (quotation marks and citation omitted). Moreover, the district court correctly instructed the jurors that they could find Orduno guilty if they found that he aided and abetted the commission of the charged offense. *See United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994). The testimony showed that Orduno was a critical link between the buyer and the seller, that he accompanied the shipment across the country, and that, had things gone according to plan, he would have been the one responsible for cutting the cocaine with an additive to increase its quantity. That evidence was more than sufficient.

Counsel also considers a challenge to the district court's refusal to give the jury a mere-presence instruction. *See* PATTERN CRIMINAL FEDERAL JURY INSTRUCTIONS FOR THE SEVENTH CIRCUIT § 5.11 ("A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt."). The

district court properly refused to give the instruction because Orduno did not identify any evidence consistent with his theory of mere presence. *See United States v. Glover*, 479 F.3d 511, 519 (7th Cir. 2007); *United States v. Robinson*, 96 F.3d 246, 251 (7th Cir. 1996). Although Orduno argued that the government had not met its burden of proving that he participated in the drug shipment, he conceded that there was no testimony that would support a mere-presence theory. Based on that concession, any argument about the mere-presence instruction would be frivolous.

Next, counsel and Orduno consider challenges to the prison sentence. Both point to statements made by the district court that could possibly suggest that the court misunderstood the breadth of its sentencing discretion after *United States v. Booker*, 543 U.S. 220 (2005). Counsel focuses on the court's statement that the factors enumerated in 18 U.S.C. § 3553(a) did not support a variance above or below the guidelines range. Taken out of context, this statement could be read to mean that the district court improperly applied a presumption of reasonableness to the guidelines range. *See United States v. Allday*, 542 F.3d 571, 572-74 (7th Cir. 2008). But read in context with the district court's correct explanation of its responsibility to start with the guidelines but ultimately to follow the 3553(a) factors, the statement does not create an appealable issue. *See United States v. Hurt*, No. 08-2986, — F.3d —, 2009 WL 2224831, at *3-*4 (7th Cir. July 28, 2009); *Allday*, 542 F.3d at 572-74. Orduno's proposed argument that the district court mistakenly believed an extraordinary explanation was necessary for *any* below-guidelines sentence is likewise frivolous. The district court never suggested that an extraordinary explanation would justify the below-guidelines sentence that Orduno sought. It merely rejected the requested sentence because Orduno's justification did not support it.

Counsel also considers a challenge to the substantive reasonableness of Orduno's prison sentence. Because that sentence falls within the guidelines range, we would presume that it is reasonable. *See United States v. Sawyer*, 558 F.3d 705, 714-15 (7th Cir. 2009). But counsel points to nothing, and we see nothing, that would overcome that presumption, so any argument about the substantive reasonableness of the sentence would be frivolous.

Orduno suggests one last challenge to his sentence: he did not benefit from the "safety valve," which provides a two-point decrease in offense level for certain nonviolent drug offenses and frees the defendant from the application of statutory minimum penalties. A defendant can qualify if he is a first-time offender, was not an organizer or leader, and has cooperated with the government before sentencing. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(11), 5C1.2. But Orduno never mentioned the safety valve in the district court, and he does not even suggest that he satisfied its conditions. Any argument about the safety valve would, therefore, be frivolous.

Finally, counsel discusses whether Orduno might raise an ineffective-assistance claim. But appellate counsel also represented Orduno at trial and has not identified any perceived deficiencies in his own performance. In any event, claims about trial counsel are rarely appropriate for direct appeal, *see United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005), and that is especially true where appellate counsel would have to impugn his own performance, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). If there is any possible challenge to counsel's performance, that claim should be held for a postconviction proceeding where the record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Harris*, 394 F.3d at 557-58.

Accordingly, counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.