NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 19, 2009
Decided November 9, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-1694

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| Plaintitff-Appellee, | District Court for the Northern |
| | District of Indiana, Hammond Division. |
| v. | No. 2:02-cr-00044-RLM-APR-2 |
| COLUMBUS N. MALONE, also known as NATE, | Robert L. Miller, Jr., *Chief Judge*. |
| Defendant-Appellant. | |

O R D E R

Columbus Malone was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirmed his conviction, but have twice remanded for resentencing. One remand was at the request of Mr. Malone, and the other was at the request of the Government. Mr. Malone now seeks a third such remand, contending that the district court ignored his arguments for

a below-guidelines sentence.  For the reasons set forth in this order, we affirm the judgment of the district court.[1]

# I

## BACKGROUND

In Mr. Malone's first appeal, we first ordered a limited remand, then a full remand for resentencing because the Sentencing Guidelines had become advisory.  On remand, Mr. Malone was sentenced to 170 months' imprisonment.  The Government then appealed; we remanded all defendants for resentencing because, as argued by the Government, the district court incorrectly had believed that it was precluded from making its own factual determinations for purposes of determining the defendants' relevant conduct.  *See United States v. Johnson*, Nos. 05-3087, 05-3088, 05-3445, 05-3446, 05-3457, 2006 WL 2577822, at *4 (7th Cir. Sept. 8, 2006).  In January 2007, Mr. Malone was sentenced to 292 months in prison.

In October 2007, Mr. Malone filed a § 2255 motion to vacate his sentence, claiming that his counsel had failed to file a notice of appeal.  On October 27, 2008, following an evidentiary hearing, the district court granted the motion to vacate and referred the case to another judge of the court for resentencing.  R.530 (docket entry).

At Mr. Malone's most recent sentencing hearing on March 5, 2009, his counsel argued for a below-guidelines sentence of 170 months.  He argued that Mr. Malone had no prior convictions, had matured since committing the crimes, was taking advantage of the programs available to inmates and was close to obtaining a GED.  He also argued that Mr. Malone reaches out to younger people and understands that, if he had not been sent to prison, he would likely be dead.  R.572 at 4-9.  Mr. Malone himself asked for a second chance to be a father to his children.  *Id.* at 10.  A written sentencing memorandum also noted many of these points and stated that Mr. Malone came from a broken home and had been introduced to gangs, drugs and violence by his brothers.  *See* R.553.

After the Government asked for a 235-month sentence, which was at the very bottom of the guidelines range, the court discussed the nature of Mr. Malone's offense, his history and characteristics, the need to reflect the seriousness of the crime, the need for uniform sentencing practices and the nature of crack sentences.  In the course of this discussion, the

---

[1]     Our jurisdiction is based on 28 U.S.C. § 1291.  The district court's jurisdiction is based on 18 U.S.C. § 3231.

court acknowledged Mr. Malone's difficult childhood and his lack of prior convictions. The court also commended Mr. Malone on his participation in prison programs. The court then imposed a sentence of 235 months' imprisonment. Mr. Malone now appeals.


## II

## DISCUSSION

Review of a defendant's sentence proceeds in two stages. First, we evaluate whether the district court committed any procedural error. *See United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009). Such errors include treating the Guidelines as mandatory, failing to calculate the guidelines range or failing to explain adequately the chosen sentence. *Id.* Second, we review the substantive reasonableness of the sentence for abuse of discretion. *Id.* In so doing, we consider the district court's explanation of its reasons for the sentence, which must allow for meaningful review. *Id.*

Mr. Malone contends that the district court ignored his request for a below-guidelines sentence. Specifically, he points to five arguments that he presented: (1) that he has no prior convictions; (2) that he came from a broken home; (3) that other family members introduced him to gangs and drugs; (4) that the time already spent in custody has made him a changed man; and (5) that he has participated in numerous prison programs. In ignoring his request for a below-guidelines sentence, Mr. Malone submits, the district court showed that it was employing a presumption in favor of the Guidelines.

Our review of the record does not support Mr. Malone's contention. The district court explicitly stated that it was "not looking for a sentence within the Guidelines[,]" but was "looking for a reasonable sentence." R.572 at 12. It acknowledged, however, that the Guidelines were one of the factors that it had to take into account. *See* 18 U.S.C. § 3553(a)(4). The court went on to consider the nature and circumstances of the offense. *See id.* § 3553(a)(1). This factor "weigh[ed] very heavily against" Mr. Malone, R.572 at 13, who had been involved in a 5-year conspiracy that distributed over 1.5 kilograms of crack cocaine. The court then discussed Mr. Malone's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), mentioning his difficult childhood and lack of criminal history, but also mentioning eight arrests from 1994 to 1998. The court acknowledged that Mr. Malone "believe[d] that [he was] ready to return to society as a law-abiding citizen[,]" R.572 at 15, and commended Mr. Malone on taking advantage of opportunities to make himself a better person than he was when he became incarcerated.

The court then considered the need to reflect the seriousness of the crime, to provide a fair punishment and to deter. *See* 18 U.S.C. § 3553(a)(2). In that regard, the district court regarded the guidelines sentence as low, because it did not reflect that someone in the conspiracy had fired several gunshots, which may or may not have hit anyone, but nonetheless amplified the impact of the conspiracy crime on the neighborhood. R.572 at 16. The court also admitted that it was not sure "whether following the Guidelines [for crack cocaine] increases respect for the law or decreases respect for the law." *Id.* The court concluded that, "in light of the nature and circumstances of the crime and the need for the sentence to reflect the seriousness of the crime and provide a fair punishment and avoid unwarranted sentencing disparities, a sentence of . . . 235 months" was appropriate. R.572 at 17.

Mr. Malone is correct that the district court never articulated the words "170 months" or explicitly weighed a 170-month sentence against a 235-month sentence. Such a recitation, however, was not necessary where the district court considered the arguments advanced by the defendant in the course of arriving at a sentence.

The cases cited by Mr. Malone do not support his argument. In *United States v. Steward*, No. 08-4238, 2009 WL 2382166 (7th Cir. Aug. 4, 2009), the "court's entire § 3553(a) analysis consist[ed] of a fragment of a sentence, where it mention[ed] in passing that it considered the statutory factors." *Id.* at *3. Here, the district court's analysis consisted of much more than that, and it was quite adequate. Similarly, in *United States v. Hopkins*, No. 08-4260, 2009 WL 2044452 (7th Cir. July 15, 2009), the district court said nothing about the facts of the case, but only made a general statement that the defendant's request was "not persuasive . . . under the facts and circumstances of this case." *Id.* at *1. Here, by contrast, the district court extensively considered the facts of the case.

This case is more analogous to *United States v. Allday*, 542 F.3d 571 (7th Cir. 2008). There, the district court considered the nature of the offense, the need to deter such offenses and the defendant's individual circumstances. *Id.* at 573. We held that such a discussion was adequate to demonstrate that the district court had understood the nonbinding nature of the Guidelines, employed no presumption of reasonableness and considered the defendant's arguments. *Id.* at 574. We reached this conclusion even though the court stated that "if it found the Guideline range 'to be fair and reasonable,' Allday would 'be sentenced within that Guideline range.'" *Id.* at 573. In context, we held, this statement did not reflect a presumption of reasonableness. *Id.* at 574. Here, as we have stated, the district court explained the basis of the sentence in terms of § 3553(a) factors and Mr. Malone's arguments. Nothing more was required. *See Scott*, 555 F.3d at 609 (finding no error where district court addressed defendant's argument but found that other § 3553(a) factors called for "a significant term of imprisonment"); *United States v. Panaigua-Verdugo*, 537 F.3d 722,

728 (7th Cir. 2008) (finding no error where "district court engaged with [defendant's] concerns" even while not addressing each § 3553(a) factor).

We do not read Mr. Malone's brief as advancing a substantive reasonableness argument. The Government does, however. We therefore give Mr. Malone the benefit of the doubt and address the substantive reasonableness of his sentence.

We note that, for purposes of appellate review, a sentence within the Guidelines, such as that imposed here, is presumed to be reasonable. *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009). We see nothing in the record or in Mr. Malone's brief that rebuts that presumption in light of the thorough explanation given by the district court. The sentencing court is within its discretion to conclude that certain factors supporting a higher sentence outweigh other factors supporting a lower sentence. *See United States v. Gallardo*, 497 F.3d 727, 740 (7th Cir. 2007) (holding sentence to be reasonable where mitigating factors did not outweigh countervailing factors).

## Conclusion

For the foregoing reasons, we conclude that the district court committed no procedural or substantive error in sentencing Mr. Malone. Therefore, we affirm the sentence.

AFFIRMED