NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-1518 | Appeal from the |
| | United States District Court |
| UNITED STATES OF AMERICA, | for the Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| | |
| *v.* | No. 11 cr 643-1 |
| | |
| ARTURO FLORES, | James B. Zagel, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Arturo Flores pleaded guilty to conspiring to possess and distribute one kilogram or more of a mixture containing heroin and 500 grams or more of a mixture containing cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced below the guidelines range to 168 months' imprisonment. Flores filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Flores has not accepted our invitation to comment on counsel's motion. *See* 7TH CIR. R. 51(b). Counsel submitted a brief explaining the nature of this case and addressing the issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our discussion to

the issues identified in that brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by considering whether Flores could challenge the voluntariness of his guilty plea but neglects to say whether he consulted with his client about this possibility. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). This uncertainty does not require that we deny this *Anders* submission, however, because the discussion in the brief and our own review of the record persuade us that any challenge to the guilty plea would be frivolous. Flores did not move to withdraw his guilty plea in the district court, and thus we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The transcript of the colloquy shows that the district court complied with Rule 11 of the Federal Rules of Civil Procedure. The court notified Flores that he could be prosecuted for perjury if he lied during the hearing, FED. R. CRIM. P. 11(b)(1)(A), advised Flores of the constitutional rights he was waiving by pleading guilty and forgoing a trial, FED. R. CRIM. P. 11(b)(1)(B)–(F), ensured that Flores understood the charges against him and the penalties he faced, FED. R. CRIM. P. 11(b)(1)(G)–(M), and verified that no one had threatened or coerced him into entering into the plea agreement, FED. R. CRIM. P. 11(b)(2). The government proffered a factual basis for the plea, which Flores acknowledged was correct. FED. R. CRIM. P. 11(b)(3).

Counsel next considers whether Flores could argue that the district court inappropriately adopted a guidelines range agreed upon by the parties rather than calculate the range on its own. But as counsel rightly points out, the court correctly calculated the low end of the range, 188 months, based on a total offense level of 36 and criminal-history category I. *See* U.S.S.G. § 2D1.1(a)(5), (c)(2), cmt. n.8(D) (2013).

Counsel also addresses whether Flores could argue that the district court erred at sentencing by not asking him directly whether he had read the presentence report. *See* FED. R. CRIM. P. 32(i)(1)(A). But as counsel notes, the district court verified with trial counsel that he had discussed the presentence report with Flores; any such argument would thus be frivolous. *See United States v. DeLeon*, 704 F.3d 189, 197 (1st Cir. 2013).

Counsel also considers whether Flores could argue that the district court erred by not considering three of his arguments in mitigation—that he should have been sentenced leniently based on his impoverished childhood, the costs associated with continuing to incarcerate a foreign national facing removal, and his poor health. But the

first two mitigating arguments are "stock" arguments that district courts need not explicitly address. *See United States v. Cheek*, 740 F.3d 440, 455–56 (7th Cir. 2014) (difficult childhood); *United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009) (deportation). As for his argument concerning his poor health, Flores did not explain why his health conditions warranted a lighter sentence, and, further, the district court discussed the ability of the Bureau of Prisons to adequately provide for Flores's medical treatment. *See Rita v. United States*, 551 U.S. 338, 360 (2007); *United States v. Collins*, 640 F.3d 265, 271 (7th Cir. 2011); *United States v. Allday*, 542 F.3d 571, 573 (7th Cir. 2008).

Finally, counsel considers whether Flores could challenge the reasonableness of his prison sentence and properly concludes that such a challenge would be frivolous. Flores's 168-month sentence is below the low end of his calculated guidelines range of 188 to 235 months. Counsel gives no reason to disregard the presumption that this below-guidelines sentence is reasonable, *see United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we see none. The district court adequately considered the relevant 18 U.S.C. § 3553(a) factors, including Flores's personal characteristics (noting that some defendants are particularly gifted at carrying out drug transactions and that Flores had "certain gifts that are worth something") and the need to impose a sentence that reflected the seriousness of the offense (noting that the guidelines would be amended later that year to reflect a lower sentence for Flores's offense of conviction).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.