**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued July 12, 2006
Decided September 6, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*


No. 05-4247

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

LEAVIE SCOTT,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Western District of
Wisconsin.

No. 05 CR 116

Barbara B. Crabb,
*Chief Judge*


**ORDER**

Leavie Scott challenges his 151-month sentence for possession with intent to distribute cocaine and cocaine base.  He submits that, under the now-advisory United States Sentencing Guidelines, the district court should not have treated 1 gram of crack cocaine as the equivalent of 100 grams of powder cocaine for purposes of determining his sentence.  He further contends that the district court's decision not to deviate from the 100:1 ratio renders his sentence unreasonable and

unconstitutional.  Finally, he contends that he must be resentenced because the district court did not afford him the opportunity to allocute at his sentencing hearing.  For the reasons set forth below, we affirm the judgment of the district court.

## I

Mr. Scott was arrested after he sold .73 grams of crack cocaine to a confidential informant for $100.  This transaction was the sixth time in two months that Mr. Scott had participated in a controlled buy.  On the day of his arrest, police officers searched Mr. Scott's home in Madison, Wisconsin, and recovered from a safe about 100 grams of cocaine, 65 grams of cocaine base, a digital scale, plastic bags, a folding knife, a .357 hollow-point bullet and his checkbook.  Mr. Scott was charged the following day with one count of violating 21 U.S.C. § 841(a)(1).  He quickly entered into a plea agreement with the Government, in which he admitted that his offense involved "at least 60 grams of 'crack' cocaine."

A probation officer prepared a presentence investigation report that calculated a total offense level of 29 and a criminal history category of VI, which combined to yield an advisory guidelines range of 151 to 188 months.  Mr. Scott objected to the use of the drug quantity table in U.S.S.G. § 2D1.1(c).  He argued that his being sentenced to "an additional 91 months" because his offense involved crack rather than powder cocaine violated his constitutional rights to due process and equal protection.  He also maintained that such a sentence was inconsistent with 18 U.S.C. § 3553(a) because that statute requires a sentence to be "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing.  Mr. Scott relied primarily on the United States Sentencing Commission's May 2002 report to Congress, in which the Commission "unanimously and firmly" urged Congress to abandon the sentencing differential.  United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002), at vii.

At his sentencing hearing, Mr. Scott urged the district court to ignore the 100:1 ratio unless the court made an "independent finding" that it was acceptable.  The court declined, stating:  "[T]he legislature gets to decide what acts are criminal, what kind of punishment should be meted out for those acts and whether they think the punishments are fair."  The court acknowledged that Congress has been urged to eliminate the differential, even by the Sentencing Commission, but has not done so.  The court went on to state: "[A]s a judge I am required to carry out the legislative decisions that the Congress makes, and one of those is that crack cocaine is particularly harmful to individuals and to societies, communities, and that is the basis on which I am going to sentence you today."  Accordingly, the district court

imposed a sentence of 151 months' imprisonment, the lowest end of the advisory guidelines range.

## II

### A.

On appeal, Mr. Scott renews his challenge to the 100:1 ratio on several grounds. First, he submits that the district court erred under *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), by failing to exercise any discretion and "rotely" applying the 100:1 ratio rather than crafting a sentence based solely upon the factors in § 3553(a). He next contends that his sentence is unreasonable because of the 100:1 ratio; he contends that the presumption of reasonableness, *see United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005), is rebutted because the ratio is "irrational and unfounded in fact." Finally, Mr. Scott submits that the 100:1 ratio violates the constitutional guarantees of due process and equal protection.

The issues Mr. Scott raises concerning the 100:1 ratio are controlled by our decisions in *United States v. Miller,* 450 F.3d 270, 275 (7th Cir. 2006), and *United States v. Jointer*, No. 05-4632, slip. op. at 6-10 (7th Cir. Aug. 9, 2006). We need not discuss them further.

### B.

Our work is not finished, however. Shortly before oral argument in this case, Mr. Scott requested permission to raise an issue that he had, without explanation, failed to address in his appellate briefs. The district court did not offer Mr. Scott the opportunity to allocute at his sentencing hearing, *see* Fed R. Crim. P. 32(i)(4)(A)(ii), and he contends that this omission is an error that requires that we vacate his sentence. Counsel did not object to this omission in the district court, however, and we shall review the issue only for plain error. *See United States v. Olano,* 507 U.S. 725, 731 (1993); *United States v. Walker*, 447 F.3d 999, 1005 (7th Cir. 2006). In order for us to correct a forfeited error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *United States v. Cotton*, 535 U.S. 625, 631-32 (2002) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). An error "affects substantial rights" if it affects the outcome of the proceedings in the district court. *See id.* at 632. If all three conditions are met, we may exercise our discretion to correct the error only if it is one that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 631 (internal quotation marks and citations omitted).

The Government conceded at oral argument that the district court erred and that the error was plain. Indeed, a criminal defendant's right to address the court on his own behalf and present mitigating information has long been recognized as a key part of sentencing. *See Green v. United States*, 365 U.S. 301, 304 (1961). With the help of supplemental briefs filed by both parties, we turn now to the last two prongs of the plain-error analysis.

Mr. Scott argues that because the district court had the discretion to impose a term of imprisonment as low as the mandatory minimum, but did not, we must presume that the error affected his substantial rights. He further contends that the error "affects the fairness, integrity, or public reputation of judicial proceedings" because a defendant's right to allocute is so fundamental that "any error or omission" cannot stand. For its part, the Government argues that Mr. Scott has not met his burden of establishing that the error affected the outcome of the proceedings in the district court because he received a sentence at the bottom of the advisory guidelines range and because he has not revealed any mitigating information that he would have brought to the district court's attention.[1]

We conclude that the error does not require us to remand for resentencing. Mr. Scott has not provided us with any inkling of what he might have said at his sentencing hearing to convince the district court that he was entitled to a sentence lower than the one he received at the very bottom of the advisory guideline range. Without any indication that Mr. Scott was denied the opportunity to present "any information in mitigation of the sentence," Fed R. Crim. P. 32(i)(4)(A)(ii), we cannot conclude that his sentence would have been lower if the district court had permitted him to allocute.

As for Mr. Scott's contention that we should presume that he was prejudiced by the district court's error simply because he was given a sentence higher than the statutory minimum, we do not accept his premise that the district court had limitless discretion to impose any sentence from five years' imprisonment to the maximum available. A sentencing court's discretion is limited by its obligation to impose a reasonable sentence. The sentencing guidelines continue to play a major

---

[1] A third reason the Government supplies is that Mr. Scott directly communicated with the district court in a letter prior to sentencing. However, this reason is wholly unpersuasive because the right to allocute calls for the *court* to "address the defendant personally," Fed. R. Crim. P. 32(i)(4)(A)(ii), and, after the other information relevant to sentencing has been presented, to permit the defendant to address the court. Mr. Scott's letter to the court was no substitute for allocution, and we do not consider it relevant to whether his substantial rights were affected.

role in this determination: The district court's first step in sentencing must be to calculate the appropriate advisory guidelines range. *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006). Then the court must decide whether to impose a sentence within that range or whether the considerations set forth in § 3553(a) weigh in favor of a sentence above or below that range. *See id.* at 701. We have stated, however, that the further the sentence departs from the Guidelines, the more compelling the justification based on the § 3553(a) factor needs to be in order for the sentence to be considered reasonable. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Nothing in Mr. Scott's supplemental materials persuades us that his allocution would have brought to light a compelling justification that would render reasonable a below-guidelines sentence. Despite his suggestion that we should presume that the district court's error resulted in a higher sentence, the burden at the third stage of the plain error test sits squarely on the defendant's shoulders. *See Olano*, 507 U.S. at 734; *United States v. Colvin*, 353 F.3d 569, 577 (7th Cir. 2003). Mr. Scott has not met that burden.

## Conclusion

The district court applied the 100:1 ratio, as we have held that all sentencing courts must, and Mr. Scott has not called into question the reasonableness of his sentence at the low end of the advisory guideline range. In addition, Mr. Scott has not established that the district court's error in denying him the opportunity to allocute resulted in the imposition of longer sentence than he would have received otherwise. We therefore affirm the judgment of the district court.

AFFIRMED