In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2579

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEAVIE T. SCOTT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:05-cr-00116-bbc-1—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED OCTOBER 6, 2008—DECIDED FEBRUARY 11, 2009

Before COFFEY, RIPPLE and SYKES, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Leavie T. Scott pleaded guilty to possession with intent to distribute cocaine and cocaine base, and he was sentenced to 151 months' imprisonment. We affirmed this sentence on appeal, *see United States v. Scott,* 192 Fed. Appx. 552 (7th Cir. 2006); however, the Supreme Court vacated our judgment and remanded the case in light of *Kimbrough v. United States,* 128 S. Ct. 558 (2007). We, in turn, remanded to the district court for resentencing. *See United States v. Scott,* 274 Fed. Appx. 488

(7th Cir. 2008). On remand, the district court imposed a sentence of 120 months. Mr. Scott again appeals, and we now affirm.

# I

## BACKGROUND

On August 19, 2005, Mr. Scott pleaded guilty to one count of possessing with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841. With respect to his sentence, Mr. Scott argued that the guideline sentence for crack cocaine was unduly harsh; he asked the district court to impose a sentence calculated according to the guideline for powder, as opposed to crack, cocaine. The district court declined Mr. Scott's request, calculated Mr. Scott's sentence using the guideline for crack cocaine and imposed a sentence of 151 months.

On appeal, Mr. Scott again challenged on several grounds the imposition of the 100:1 ratio of powder to crack cocaine set forth in the Sentencing Guidelines. We rejected his arguments and affirmed the district court's sentence.

On petition for writ of certiorari, the Supreme Court of the United States vacated our judgment in light of *Kimbrough*, 128 S. Ct. 558, and remanded the case to us. We then returned the case to the district court for resentencing.

In the district court, Mr. Scott maintained that, although the guideline ranges for crack-cocaine sentences

had been reduced, there was no rational basis for distinguishing crack cocaine from powder cocaine. Consequently, he submitted, the guideline range for his sentence for possession of crack cocaine should correspond to the guideline range for an equivalent amount of powder cocaine. He also urged the court, in reaching its sentencing determination, to consider his extensive efforts at rehabilitation during his incarceration. For its part, the Government believed that a sentence within the revised guideline range adequately would reflect the seriousness of Mr. Scott's crimes, his criminal history as well as his efforts to make productive use of his time in prison.

After receiving the parties' submissions and listening to their arguments, the district court resentenced Mr. Scott to 120 months' imprisonment. It noted that, in imposing sentence, the court was "taking into consideration the advisory sentencing guidelines and the statutory purposes of sentencing." R.58 at 11. It observed that, applying the revised guidelines for crack cocaine violations, Mr. Scott's initial offense level was 30, which, with a three-level adjustment for acceptance of responsibility, was lowered to 27. Considering Mr. Scott's criminal history category, this calculation yielded an advisory range of 130 to 162 months. The court went on to note that Mr. Scott had committed the crime for which he was indicted after making five previous sales of cocaine base to a confidential informant and while wearing a monitoring device required as a condition of probation. Additionally, Mr. Scott had an "extensive" criminal history dating back to the age of sixteen. *Id*. at 12. The

court acknowledged that Mr. Scott had used his last confinement to "earn[] [his] GED and complete[] the 40-hour drug program," but remarked that Mr. Scott also had been disciplined on several occasions. *Id*. In sum, the court stated:

> I believe a sentence slightly below the low end of the guidelines or 120 months is sufficient and no greater than necessary to hold you accountable for your serious criminal conduct, to promote respect for the law, achieve parity with the sentences of similarly-situated offenders and protect the community from further criminality on your part.

*Id.* at 13.

Mr. Scott timely appealed.

## II

## DISCUSSION

"We review sentences for their reasonableness, *United States v. Booker*, 543 U.S. 220, 260-63 (2005), under an abuse-of-discretion standard, *Gall v. United States*, 128 S. Ct. 586, 597 (2007)." *United States v. Omole*, 523 F.3d 691, 697 (7th Cir. 2008) (parallel citations omitted). Our review has two components. First, we evaluate whether the district court committed

> any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Gordon*, 513 F.3d 659, 666 (7th Cir. 2008).

*United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008) (parallel citations omitted). "If we determine the district court's sentencing decision to be procedurally sound," we turn to the second step in the analysis: "consider[ing] the substantive reasonableness of the sentence." *Id.* As noted above, we review the reasonableness of the sentence for an abuse of discretion.

Therefore, our "task on reasonableness review is limited." *United States v. Wachowiak*, 496 F.3d 744, 754 (7th Cir. 2007). We must consider the sentencing court's explanation of its reasons for imposing a particular sentence. That explanation need not be exhaustive but it must be adequate "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Omole*, 523 F.3d at 697, 698 (quoting *Gall*, 128 S. Ct. at 597). If the sentence imposed is outside the guidelines range, the district court must provide a justification that explains and supports the magnitude of the variance. *Id.*; *see also Gall*, 128 S. Ct. at 595.

*Id.* Furthermore, in undertaking our substantive review, we are cognizant of the fact that the "'contours of substantive reasonableness review are still emerging,' [and] we cannot target a fixed point at which a sentence turns from reasonable to unreasonable, or vice versa." *Omole*, 523 F.3d at 698 (quoting *Wachowiak*, 496 F.3d at 750). "The

concept of substantive reasonableness contemplates a range, not a point." *Id.* (internal quotation marks and citations omitted). With these standards in mind, we turn to Mr. Scott's contentions.

Before this court, Mr. Scott maintains that the district court's resentencing suffers from both procedural and substantive infirmities. The approach taken by the district court was procedurally correct and substantively well within the court's discretion. Turning first to Mr. Scott's procedural argument, Mr. Scott claims that the district court's explanation is "void of any indication of what the sentencing court thought of his objections" to the harsher penalties for crack cocaine. Appellant's Br. 18. We cannot accept this contention. Our review of the record convinces us that the district court considered Mr. Scott's claim in arriving at his sentence. Mr. Scott's argument focused on the disparity between sentences for those who commit offenses involving crack cocaine and those who commit offenses involving powder cocaine. *See id.* at 16. In imposing a sentence of 120 months—ten months below the properly calculated guideline range—the court specifically noted that it was attempting to "achieve parity with the sentences of similarly-situated offenders." R.58 at 13. However, the district court also was persuaded that "a significant term of imprisonment [wa]s still warranted" in light of other Section 3553(a)[1]

---

[1]  18 U.S.C. § 3553(a) provides:

> (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater
> (continued...)

---

[1] (...continued)

than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(continued...)

factors. *Id.* The court specifically mentioned Mr. Scott's extensive criminal history, the fact that lesser sentences and court-monitoring had not had a deterrent effect on Mr. Scott's criminal activity, and Mr. Scott's disciplinary

---

[1] (...continued)

>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

> (5) any pertinent policy statement—

>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

record while incarcerated. *See id.* at 12-13. Given this record, we cannot conclude that the district court committed a procedural error in sentencing Mr. Scott. It did not fail to consider the Section 3553(a) factors or fail "to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597.

Mr. Scott also believes that his sentence is substantively unreasonable because it exceeds the sentence he would have received had his crime involved powder cocaine.[2] We cannot accept this argument.

> In reviewing the substantive reasonableness of a sentence that falls outside the advisory guidelines range, we must give due deference to the district court's determination that the section 3553(a) factors, taken as a whole, justified the extent of the variance. *Gall*, 128 S. Ct. at 597; [*United States v.*] *Gordon*, 513 F.3d [659,] 666 [(7th Cir. 2008)]. The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597. Our review must take into account that a "sentencing judge is in a superior position to find facts and judge their import under [section] 3553(a) in the individual case. The

---

[2] According to Mr. Scott, if his crime had involved powder cocaine, his base offense level would have been 18. Adjusting for acceptance of responsibility, and considering his criminal history category, his guideline range would have been 41-50 months. However, he still would have been subject to a mandatory minimum sentence of 60 months.

judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.* (quotation omitted). Because the district court has greater familiarity with the case and the individual defendant and therefore an institutional advantage over an appellate court in making sentencing determinations, we must defer, absent an abuse of discretion, to its ruling. *Id.*; *Gordon*, 513 F.3d at 666.

*Carter*, 538 F.3d at 790.

The district court was under no obligation to accept Mr. Scott's proposition that sentences for crack cocaine and powder cocaine should be comparable. There are special dangers posed to society when cocaine is marketed in a form that makes it more readily available to a wider and more vulnerable part of our population. While the revised guidelines have adjusted the degree of difference, for sentencing purposes, between powder cocaine and crack cocaine, they have not abolished that difference. If a district court may deviate from the Guidelines based on its disagreement with the Sentencing Commission's policy, it is equally within its authority to adhere to the Guidelines because it concurs with the policy judgment the Guidelines reflect. *Cf. Spears v. United States*, ___ S. Ct. ___, 2009 WL 129044, at *2 (2009) (interpreting *Kimbrough* to allow a district court to vary from the crack guidelines based on a policy disagreement with them).

In imposing sentence on Mr. Scott, the district court conducted an individualized assessment of Mr. Scott's circumstances and carefully balanced all of the relevant

factors: the need for parity with other offenders, the need for deterrence, Mr. Scott's record in prison as well as his efforts at rehabilitation. Although mitigating factors warranted a below-guidelines sentence, the district court believed that other factors still required the imposition of a "significant" term of imprisonment. The district court's choice of sentence was "'logical and consistent with the § 3553(a) factors,' and . . . the sentence imposed falls within the broad range of reasonable sentences in the circumstances of the case." *United States v. Wachowiak*, 496 F.3d 744, 754 (7th Cir. 2007) (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)).

## Conclusion

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED