**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 4, 2009
Decided March 19, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3303

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-11-C-01 |
| CASSANDRA SMITH, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Cassandra Smith pleaded guilty to distributing crack. *See* 21 U.S.C. § 841(a)(1). At sentencing she asked the district court to impose a below-guidelines sentence in light of *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007). The district court did not, however, expressly mention *Kimbrough* in arriving at a sentence of 120 months in prison. On appeal Smith asks that we vacate her sentence and order a remand so that the district judge can discuss *Kimbrough*'s application on the record and resentence Smith if necessary. However, the record shows that the district court adequately considered Smith's argument and rejected it. We therefore affirm Smith's sentence.

**Background**

During the fall of 2007, a confidential informant made three controlled purchases of crack from Smith.  When law-enforcement officers searched Smith's apartment, they discovered 11.95 grams of crack in plastic baggies, another 51.46 grams of crack in a beer can with a removable lid, and some of the marked buy money used by the informant.  Smith was indicted on three counts of crack distribution, *see* 21 U.S.C. § 841(a)(1), as well as one count of maintaining a drug house, *see id.* § 856(a)(1).  She pleaded guilty to one of the distribution counts in exchange for the government's promise to drop the other charges.

Before sentencing in August 2008, Smith's lawyer submitted a memorandum asking the district court to reduce the applicable guidelines sentence in light of *Kimbrough*.  In that memorandum, the defense attorney observed that even after the Sentencing Commission decreased the base offense level for crack offenses, "a gross disparity between the treatment of crack cocaine versus powder cocaine for sentencing purposes remains."  In Smith's case, the counsel noted, that remaining disparity yielded a 70:1 ratio between crack and powder cocaine offenses.  Counsel therefore asked the court to use its discretion under § 3553(a) to "reduce Smith's base offense level to reflect the continuing disparity"; a ratio of 1:1, she reasoned, would be fair and would generate a sentencing range of 63 to 78 months' imprisonment.  And, counsel concluded, a sentence at the bottom of that range would be appropriate in light of Smith's difficult childhood and lack of family support.

At sentencing defense counsel and Chief Judge Crabb briefly discussed the memorandum:

> THE COURT:              [Counsel], anything you want to add to your sentencing memorandum?
>
> DEFENSE COUNSEL:   Nothing, your honor.  I will just rely on that document.

The judge then proceeded to sentence Smith.  First, the judge noted that the amount of crack found in Smith's apartment, 66.7 grams, triggered a base offense level of 30 under U.S.S.G. § 2D1.1(a)(3).  With a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Smith's total offense level of 27, combined with her criminal history category of V, yielded an imprisonment range of 120 to 150 months.  In conclusion, the judge discussed Smith's family circumstances and extensive criminal history, and observed:

> Taking into consideration the nature of the offense along with your history and characteristics, I believe that a term of imprisonment at the low end of the advisory guidelines is reasonable and no greater than necessary to hold you accountable, protect the community, provide you with an opportunity for rehabilitative programs and achieve parity with the sentences of similarly-situated offenders.

After this consideration of the § 3553(a) factors, the court imposed a term at the low end of the guidelines range. It did not expressly mention *Kimbrough* or discuss at greater length the crack/cocaine disparity, nor did the defense counsel raise the issue again.

**Analysis**

On appeal, Smith argues only that the district court erred by failing to address the question of whether the crack/cocaine disparity warranted a lower sentence. We have, however, recently rejected a similar contention, albeit in a slightly different posture. In *United States v. Scott*, No. 08-2579, 2009 WL 322238 (7th Cir. Feb. 11, 2009), after the Supreme Court vacated our earlier judgment and we remanded for resentencing, the defendant argued that Chief Judge Crabb had neglected to consider his objection to a guidelines sentence based on the crack/cocaine disparity. *Id.* at *2. But the district court's brief consideration of parity with similarly situated offenders, together with its discussion of Scott's criminal history and other § 3553(a) factors, were sufficient to convince the court that the district court had adequately considered the *Kimbrough* argument. *Id.*

The district court's reasoning in Smith's case mirrors, almost word for word, the analysis by the same trial judge in *Scott. See id.* In particular, in both cases the court addressed the crack/cocaine disparity by considering the need to "achieve parity with similarly-situated offenders." *Scott*, No. 08-2579 at *2. And the district judge did more here than in *Scott*: she not only addressed the issue of "parity," but she also displayed that she had read Smith's sentencing memorandum (in which the *Kimbrough* issue was raised) by explicitly discussing the other argument it contained, that Smith's family circumstances warranted a departure from the guidelines sentence. No more was required. *See id.*; *see also Gall v. United States*, 128 S. Ct. 586, 596-97 (2007) (holding that "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party" and must "adequately explain the chosen sentence to allow for meaningful appellate review"). Because the district court adequately considered the crack/cocaine disparity, we affirm Smith's sentence.

AFFIRM.