**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2009
Decided October 2, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-1722

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District |
| | of Illinois. |
| *v.* | |
| | No. 3:04-cr-30139-GPM |
| JOSIAH COMPTON, | |
| *Defendant-Appellant*. | G. Patrick Murphy, |
| | *Judge*. |

## O R D E R

Last year we affirmed Josiah Compton's conviction for various drug-related crimes but vacated his sentence of 360 months' imprisonment and remanded for resentencing. We determined that the district court improperly included 197 kilograms of cocaine in Compton's relevant conduct calculation, resulting in an incorrect guideline range of 360 months to life, and also advised the district court to consider the appropriate impact of *Kimbrough v. United States*, 128 S.Ct. 558 (2007), on Compton's sentence. *United States v. Farmer*, 543 F.3d 363, 372-76 (7th Cir. 2008).

The district judge on remand corrected his calculation error and determined, as we did, the proper guideline range to be 324-405 months. After further hearing from counsel and

Compton, and expressly considering the disparity in sentences between offenses involving powder and crack cocaine under the guidelines, the district judge reduced Compton's sentence to a below guideline term of 200 months' imprisonment. Despite this substantial reduction, Compton appeals his new sentence.

Compton's court-appointed lawyers determined that the present appeal contains no nonfrivolous issues for our review and filed the required *Anders* brief to document their conclusion. See *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Edwards*, 777 F.2d 364 (7th Cir. 1985). Compton filed a response to counsel's *Anders* brief. We have reviewed the issues identified in both filings. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We have also reviewed the transcripts of both the original sentencing and the resentencing hearings, and agree with counsel that there are no nonfrivolous issues for appeal.

Contrary to Compton's claim, "the guidelines applicable to a resentencing are those that were in force on the date of the original sentencing." *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009); see also 18 U.S.C. § 3742(g)(1). We further note that the district judge considered the difference between crack and powder cocaine sentences, agreeing with Compton's denouncement that the disparity is "wrong", describing the disparity as "intolerable" and "unfair". He was not required, however, to go so far as to sentence Compton on the basis of a one-to-one ratio. See *United States v. Scott*, 555 F.3d 605,610 (7th Cir. 2009). In short, the district judge properly calculated the applicable guideline range, did not err in his factual findings, and imposed a reasonable sentence well below the range after considering the factors articulated in 18 U.S.C. § 3553(a).

Compton's sentence is AFFIRMED. The motion to withdraw is GRANTED, and this appeal is DISMISSED.