NONPRECEDENTIAL DISPOSITION

To be cited only in accordance

with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 26, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-4000 | |
| | Appeal from the United States District Court for the Western District of Wisconsin |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee* | |
| *v.* | No. 06-CR-174-C |
| GREGORY J. BURKS, *Defendant-Appellant* | Barbara B. Crabb, *Judge* |

**O R D E R**

On October 9, 2009, we concluded that the district court erred in sentencing Gregory Burks when it relied upon the modified categorical approach in determining whether his prior conviction for escape in violation of Wis. Stat.§ 946.42(3) constituted a crime of violence in light of *United States v. Woods*, 576 F.3d 400, 405 (7th Cir. 2009), which held that "the [Wisconsin escape] statute is not divisible in the sense called for by the modified categorical approach." We remanded the case for resentencing. *United States v. Burks*, 09-

---

[*]This appeal is successive and has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a)(2)(C).

1642 (7th Cir. Oct. 9, 2009). At Burks' resentencing on December 3, 2009, the trial judge determined that Burks' previous escape conviction was not a crime of violence and thus he was no longer classified as a career offender. The judge proceeded to calculate a new guideline range of 110-137 months based on Burks being responsible for distributing 46.58 grams of crack cocaine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 and imposed a sentence of 132 months. Burks, one never to give up, again appeals his most recently imposed sentence claiming that the district court committed a procedural error when failing to consider his argument that the crack/powder disparity in the sentencing guidelines warranted a below guideline sentence relying on *Kimbrough v United States*, 552 U.S. 85, 90 (2007) (holding that a "judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when imposing a below guideline sentence.) We disagree.[**]

We review *de novo* whether a district court committed any procedural error such as failing to consider the section 3553(a) factors or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2007). Although "[w]e understand *Kimbrough* and [*Spears v. United States*, 129 S. Ct. 840 (2009)] to mean that district judges are at liberty to reject any Guideline on policy grounds," *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010), we have also noted that the guidelines for crack offenses have remained valid even after *Kimbrough* and "[j]udges are not required to disagree with them; [thus,] a within-guidelines sentence for a crack offense may be reasonable." *United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009); *see United States v. Robertson*, 571 F.3d 990, 995 (8th Cir. 2008) (holding that a district court does not "act[] unreasonably, abuse[] its discretion, or otherwise commits error if it does not consider the crack/powder sentencing disparity."). "When a defendant challenges a within-guidelines sentence as unreasonable, the judge must explain why the sentence imposed is appropriate in light of the section 3553(a) factors." *United States v. Miranda*, 505 F.3d 785, 792 (7th Cir. 2007). If the sentencing court addresses the specific section 3553(a) factors such as the defendants criminal history and the need to achieve parity with similarly-situated offenders in deciding upon a sentence, then the court does not commit procedural error if it does not specifically address the crack/powder disparity argument. *Scott*, 555 F.3d at 609.

At Burks' resentencing hearing on December 3, 2009, the trial judge acknowledged the advisory nature of the guidelines and went on to observe that Burks criminal conduct began at the early age of nine and by the time he reached the age 22, he had amassed 20 criminal history points. The court noted that many of these prior crimes included violence, drugs, or alcohol and specified that on six different occasions Burks had either fought or attempted to flee from law enforcement officers. Even though Burks is no longer classified as a career offender, the judge concluded that his lengthy history of violent criminal

conduct mitigates against issuing a lesser sentence.  The court proceeded to impose a 132 month sentence to protect the public at large and  attempted to achieve parity with a similarly situated co-defendant.  "When sentencing a defendant, 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Taylor*, 72 F.3d 533, 543 (7th Cir. 1995) (quoting *United States v. Harty*, 930 F.2d 1257, 1268 (7th Cir. 1991).  "[A] sentencing judge can and must consider a defendant's entire history in order that he might make an informed decision as to the proper punishment." *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992).  It is evident from the record presented to the court that the trial judge determined Burks did not warrant a below guideline sentence due to his lengthy violent criminal record.  Although the district court did not specifically address the disparity in the sentencing guidelines between crack and powder cocaine offenses, it is clear that the court addressed the relevant section 3553(a) factors when it imposed this within guideline sentence.

**AFFIRMED**