NON-PRECEDENTIAL DECISION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2009[*]
Decided June 21, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1888

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff-Appellee*, | Appeal from the United States |
| | District Court for the Southern |
| *v.* | District of Illinois |
| | |
| TYLER M. HORRELL, | No. 99 CR 40006 |
| *Defendant-Appellant*. | |
| | G. Patrick Murphy, *Judge* |

## ORDER

Defendant-Appellant Tyler M. Horrell appeals the reduced sentence that the district court imposed pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive changes to the provisions of the Sentencing Guidelines for offenses involving crack cocaine. His counsel, discerning no non-frivolous basis for the appeal, has sought leave to withdraw from representing Horrell pursuant *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400 (1967). We grant counsel's motion to withdraw and dismiss the appeal.

---

[*] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this appeal was submitted to the panel of judges that disposed of Horrell's direct appeal of his conviction and sentence. *See United States v. Horrell*, No. 99-3178, 2000 WL 701761 (7th Cir. May 26, 2000) (unpublished).

Horrell pleaded guilty to conspiring to distribute and to possess with the intent to distribute crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. After finding that Horrell was accountable for a total of 283.4 grams of crack, the district court ordered him to serve a prison term of 293 months. On appeal, we upheld the court's drug-quantity calculation and affirmed Horrell's sentence in an unpublished order. *United States v. Horrell*, No. 99-3178, 2000 WL 701761 (7th Cir. May 26, 2000).

After the Sentencing Guidelines were amended to retroactively reduce the sentencing ranges for offenses involving crack cocaine, *see* U.S.S.G. App. C, Amendments 706, 711, 712, 713 (Nov. 1, 2007 & March 3, 2008), Horrell filed a motion to reduce his sentence pursuant to section 3852(c)(2). The Guidelines as amended advised a sentence within the range of 188 to 235 months, as opposed to the range of 235 to 293 months with which the district court was confronted at the time of Horrell's original sentencing. Horrell's counsel requested a sentence at the bottom of the new range, whereas the government urged the court to impose a sentence at the top of that range. After hearing the parties' arguments and taking into account the evidence concerning Horrell's conduct since the original sentencing, which included Horrell's participation in a variety of self-improvement courses as well as a victim-impact course, the court reduced Horrell's sentence to a term of 210 months, roughly in the middle of the new sentencing range. R. 154.

Horell has appealed the new sentence, but his counsel has identified no issue to pursue on his behalf that (in counsel's view) is not frivolous. His counsel has asked to be released from representing Horrell and has filed a brief in accord with the dictates of *Anders*. We invited Horrell to respond to his counsel's motion, *see* Circuit Rule 51(b), but Horrell has not filed a response identifying any grounds on which he believes his new sentence should be vacated.[1] The *Anders* brief is adequate on its face. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). We therefore restrict our review to the issues identified in that brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

---

[1] Horrell did submit a letter to the district court in which he indicated that he had reviewed his counsel's *Anders* brief. R. 164. The record on appeal has been supplemented with a copy of that letter. R. 166. In the letter, Horrell identified no issues that he might wish to raise in this appeal and instead essentially deferred to his counsel's judgment as to the merits of the appeal. R. 164 at 1 ("after reading his brief I do understand his point about the merit of my issues").

Counsel first considers whether Horrell has a non-frivolous basis on which to challenge the reasonableness of his reduced sentence. *See, e.g., United States v. Scott*, 555 F.3d 605, 608 (7th Cir.) (sentences are reviewed for reasonableness pursuant to an abuse of discretion standard), *cert. denied*, 130 S. Ct. 341 (2009); *see also United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). In assessing the propriety of a sentence, we consider first whether the district court committed any significant procedural error and second whether the sentenced imposed is substantively reasonable. *Scott*, 555 F.3d at 608 (citing *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008)). The record lends no support to the possibility of a procedural error: The district court properly calculated the new sentencing range, afforded both parties the opportunity to present their arguments as to what the new sentence should be, properly understood its discretionary authority to select a lesser sentence under section 3582(c)(2), considered the sentencing criteria set forth in 18 U.S.C. § 3553(a) to the extent they were consistent with section 3582(c)(2), and gave an adequate explanation for the sentence it imposed. *See Scott*, 555F.3d at 608. As for substantive reasonableness, the sentence that the court imposed was within the Guidelines range, and we therefore presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347-48, 127 S. Ct. 2456, 2462-63 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). None of the mitigating factors cited below by Horrell and his attorney in support of a sentence at the low end of the Guidelines range (including his coursework in prison, his volunteer work, his reassignment to a low-security facility, his progress in paying off the fine and special assessments imposed by the court, and the continuing disparity in penalties for crimes involving crack versus powder cocaine) is so compelling as to rebut that presumption, particularly in view of a number of aggravating factors, among them the fact that Horrell was the most culpable of those charged in the cocaine conspiracy to which he pleaded guilty, his attempt to suborn perjury from his seventy-one year-old aunt at the original sentencing, and his own testimony at that sentencing (which the district court deemed incredible) attempting to minimize the extent of his relevant conduct. When it imposed the reduced sentence, the court noted that this was the term to which it would have sentenced Horrell in the first instance "but for his particularly egregious behavior." R. 159 at 12-13. Any challenge to the reasonableness of the sentence would be frivolous. *See United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007) ("[i]t will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down") (quoting *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006) (emphasis in original)); *see also id.*

(challenges to within-Guidelines sentence will be in vain in most cases; appellate counsel should file *Anders* brief "rather than waste the court's time on a lost cause").

Counsel also considers whether the district court may have been mistaken in believing that it was constrained in resentencing Horrell by the low end of the reduced Guidelines range. R. 159 at 3-4; *see* U.S.S.G. § 1B1.10(b)(2)(A) & (B) (policy statement) (when resentencing defendant pursuant to section 3582(c)(2), court shall not impose sentence below minimum of amended Guidelines range unless original term of imprisonment was also below minimum called for by then-applicable range). Horrell had filed a pro se request that the court consider a sentence below the low end of the new range, R. 147, but the court properly concluded that because the original sentence was within the Guidelines range, it had no authority to impose a new sentence below the amended range, R. 153; R. 159 at 3-4. § 1B1.10(b)(2)(A); *see Dillon v. United States*, --- S. Ct. ---, 2010 WL 2400109 (U.S. June 17, 2010) (*Booker* does not apply to § 3582 proceedings, and so limitations that Guidelines § 1B1.10 imposes on such proceedings are mandatory rather than advisory); *id.* at *6 ("Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range.").

For these reasons, we agree with counsel that there is no non-frivolous basis on which Horrell might challenge his reduced sentence. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.