NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 2, 2010
Decided June 29, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-1457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-149-C-03 |
| MICAH W. RICHARDSON, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Micah Richardson pleaded guilty to distributing crack and was sentenced to 156 months' imprisonment – a term that fell near the bottom of his advisory guidelines range. On appeal, he argues that his sentencing proceeding was procedurally flawed and that his ultimate sentence was substantively unreasonable. Finding no reversible error, we affirm.

In December 2008, Richardson entered his guilty plea to charges of knowingly and intentionally distributing crack, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At the sentencing hearing in February 2009, the district court adopted the probation officer's estimate that Richardson had distributed approximately 161 to 163 grams of crack. This amount attributed five ounces (about 142 grams) of crack to Richardson based on money that was seized from him at the time of his arrest. The probation officer applied a base offense level of 32, and then added two levels for use of a dangerous weapon in connection with the drug activities (for beating a customer with a baseball bat), and finally subtracted three levels for acceptance of responsibility. This gave Richardson a final offense level of 31. His criminal history category was IV, which meant that the guidelines advised a sentence between 151 and 188 months' imprisonment. The district court misstated this range, both at sentencing and in its written statement of reasons, as 155 to 188 months, but Richardson has made nothing on appeal of that error.

Instead, Richardson focused his objections both in the district court and before this court on the disparity between the sentences recommended for crack offenses and those for powder cocaine offenses. He requested a sentence within the range that would have applied for distributing an identical amount of powder cocaine – that is, something between 37 and 46 months. The court rejected his request, citing his accelerating pattern of violent criminal conduct. As we noted above, it imposed a sentence of 156 months' imprisonment.

Richardson's first complaint on appeal is that the district court failed adequately to explain why it stayed with the crack guidelines and refused to treat crack as leniently as powder would have been treated. But the district court was not required to go as far as Richardson would have liked. It is true that a sentencing court must give sufficient reasons for its decisions to permit meaningful appellate review. See *United States v. Are*, 590 F.3d 499, 530 (7th Cir. 2009). This is exactly what the district court did. At sentencing, the court announced that it was adopting the calculations in the presentence report; this was enough to reveal that it was computing the advisory guidelines range using the crack guidelines that appeared in the then-current 2008 U.S. SENTENCING GUIDELINES MANUAL. Helpfully, the court even mentioned what the range would have been, if Richardson had been charged with an identical amount of powder cocaine, indicating that it was aware of the significant differential and was making a conscious choice. It was also well aware of its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to deviate from the crack guidelines, but it was equally correct that it was under no obligation to do so.

Richardson argues in the alternative that even if his sentence was procedurally unobjectionable, it was substantively unreasonable for the district court to adhere to the crack

ranges in his case. This is so, he contends, because the policy judgment reflected by the disparate crack-to-powder ratio, in his view, has been repudiated by the U.S. Sentencing Commission. He adds that the court's use of that ratio violated the "parsimony provision" of 18 U.S.C. § 3553(a), referring to the admonition that sentences should be "sufficient, but not greater than necessary, to comply with" the purposes set forth in the statute.

Both arguments are unavailing. As we have noted, *Kimbrough* held only that district courts retain *discretion* to differ with the advisory crack-powder ratio in the guidelines. 552 U.S. at 110-11; see also *United States v. House,* 551 F.3d 694, 700-01 (7th Cir. 2008). It does not compel any particular sentence, or sentencing range. While the Sentencing Commission did revise the crack guidelines to reduce the disparity somewhat, see U.S.S.G. Supp. to App. C, pp. 226-31 (2007) (Amendment 706); U.S.S.G. Supp. to App. C, p. 253 (Amendment 713), it did not erase the disparity. The revised guidelines still treat crack and powder cocaine offenses differently, see U.S.S.G. § 2D1.1, and a district court that agrees with the policy underlying the crack guidelines does not abuse its discretion by imposing a sentence within those guidelines. See *United States v. Scott,* 555 F.3d 605, 610 (7th Cir. 2009).

The parsimony provision to which Richardson refers is best understood as an admonition to the district court to impose a reasonable sentence. See *United States v. Ministro-Tapia,* 470 F.3d 137, 142-43 (2d Cir. 2006). An appellate court may treat a sentence falling within a properly calculated guidelines range as presumptively reasonable, see *Rita v. United States,* 551 U.S. 338, 347 (2007); *United States v. Noel,* 581 F.3d 490, 500 (7th Cir. 2009), and it is unlikely that such a sentence would violate the parsimony principle. See *United States v. Turbides-Leonardo,* 468 F.3d 34, 41 (1st Cir. 2006). We note in this connection that, contrary to Richardson's argument, we see nothing in the record indicating that the district court presumed that the guidelines sentence was reasonable. That would have been an error, see *United States v. Nurek,* 578 F.3d 618, 625-26 (7th Cir. 2009), but it did not happen.

We conclude by underscoring the fact that the district court engaged in exactly the kind of careful individual inquiry that is called for. It considered Richardson's accelerating criminal conduct, which included beating a man with a baseball bat over a $40 drug debt, and the need to impose a punishment sufficient to deter him from committing further crimes. It acknowledged that he had a troubled background, but it decided that this was not sufficient to overcome the need to impose a significant sentence on him. The final sentence of 156 months was thus neither procedurally nor substantively objectionable.

The judgment of the district court is therefore AFFIRMED.