NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010
Decided November 22, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-2316

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin |
| *v.* | |
| | No. 09-CR-159-BBC-02 |
| DERRICK RAPLEY, | |
| *Defendant-Appellant.* | Barbara B. Crabb, |
| | *Judge.* |

**O R D E R**

Derrick Rapley moved to northern Wisconsin in 2006 and began to sell crack cocaine with his girlfriend on Native American tribal land. Before long he had invited associates from Michigan to join him and had begun to supply other drug dealers. An investigation into drug trafficking on tribal land resulted in Rapley's arrest in 2009. Rapley pleaded guilty to conspiring to distribute crack cocaine, s*ee* 21 U.S.C. § 846, and was sentenced to 156 months' imprisonment in May 2010. Rapley appeals, but counsel contends that this appeal is frivolous, and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rapley opposes counsel's motion. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Rapley's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We agree with counsel that the potential issues are frivolous, grant his motion to withdraw, and dismiss the appeal.

Neither Rapley nor his lawyer indicates that Rapley wants to set aside his plea, so counsel properly omits discussion of the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Rapley and his counsel consider challenging the district court's finding that he was responsible for 292 grams of cocaine base and that he played an aggravating role in the offense. *See* U.S.S.G. § 3B1.1(c). But, as counsel points out, we would conclude that Rapley waived any challenge to these findings when his lawyer at sentencing withdrew his prior objections. *See United States v. Venturella*, 585 F.3d 1013, 1019 (7th Cir. 2009).

Counsel next considers challenging Rapley's sentence as unreasonable. We would review the reasonableness of Rapley's sentence for abuse of discretion, *United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009), and presume the reasonableness of a sentence either within or below a properly calculated guidelines range. *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). The district court correctly assessed Rapley's total offense level at 31, criminal history category at VI, and guidelines range at 188 to 235 months. The court also considered the sentencing disparity between crack and powder cocaine, noting that the same amount of powder cocaine would result in a guidelines range of 63 to 78 months. But after considering the sentencing factors in 18 U.S.C. § 3553(a) the court determined that a below-guidelines sentence of 156 months was necessary to hold Rapley accountable, "protect the community," and provide adequate punishment. *See United States v. Mendoza*, 576 F.3d 711, 721 (7th Cir. 2009). As counsel does nothing to disturb the presumed reasonableness of Rapley's sentence, a challenge on this ground would be frivolous.

Finally, Rapley asserts only generally that his counsel was constitutionally ineffective. But a claim of ineffective assistance is more appropriately raised in a collateral proceeding where a more complete record can be developed. *See United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.