NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 27, 2012[*]
Decided November 9, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 11-3846 & 12-1205

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois |
| *v.* | No. 99 CR 40006 |
| TYLER M. HORRELL, | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge.* |

---

[*] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), these consolidated appeals were submitted to the panel of judges that disposed of Horrell's prior appeals. *See United States v. Horrell*, No. 99-3178, 2000 WL 701761 (7th Cir. May 26, 2000) (unpublished); *United States v. Horrell*, 381 F. App'x 587 (7th Cir. 2010) (non-precedential decision). Neither party has requested oral argument, *see* Fed. R. App. P. 34(a)(1) and Circuit Rule 34(f), and upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of these appeals. The appeals are therefore submitted on the briefs and the record.

**O R D E R**

After the U.S. Sentencing Guidelines were amended retroactively to further reduce the sentencing ranges for offenses involving crack cocaine, pursuant to the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), *see* U.S.S.G. Supp. to App. C, Vol. III 374-385, 391-98 (2011) Amendments 748, 750 & 759, Tyler M. Horrell filed a motion pro se asking the district court to reduce his sentence. Based on prior revisions to the Guidelines, the court had already reduced Horrell's sentence from the original prison term of 293 months we affirmed in Horrell's first appeal, *see United States v. Horrell*, No. 99-3178, 2000 WL 701761 (7th Cir. May 26, 2000) (unpublished), to a term of 210 months; and we had dismissed Horrell's appeal of the reduced sentence as frivolous, *see United States v. Horrell*, 381 F. App'x 587 (7th Cir. 2010) (non-precedential decision). The district court appointed counsel to represent Horrell in his quest for a second reduction in his sentence, but when that counsel represented that he could find no merit in Horrell's motion, the court granted counsel leave to withdraw and denied the motion. R. 182. After Horrell filed a notice of appeal, he asked the district court to reconsider its decision to deny his motion to reduce his sentence; the district court also denied that request. R. 190. We affirm the denial of Horrell's motion to reduce his sentence.

The district court properly denied Horrell's latest motion to reduce his sentence. The court's power to modify the sentence was confined by the terms of 18 U.S.C. § 3582(c)(2), which authorizes the court to revisit a sentence when that sentence was the product of "a sentencing range that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." As the plain terms of both the statute and the Sentencing Commission's pertinent policy statement suggest, in order for a defendant to be eligible for a sentence reduction pursuant to section 3582(c)(2), two conditions must be met: (1) the Sentencing Commission's amendment to the relevant Guideline(s) must have been given retroactive effect; and (2) the amendment must lower the defendant's applicable Guidelines sentencing range. U.S.S.G. § 1B1.10(a); *see United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009).

The first of these conditions has been met in Horrell's case. Amendment 750, which alters the offense levels set forth in section 2D1.1 of the Sentencing Guidelines, is among the amendments identified in section 1B1.10(c) as having retroactive effect. *See, e.g., Lawuary v. United States*, 669 F.3d 864, 867 (7th Cir. 2012).

However, the second condition has not been satisfied. In assessing the potential effect of an amendment on a particular defendant, a court must substitute the revised guideline in place of the original version and then re-calculate the defendant's offense level leaving all other Guidelines calculations in place. § 1B1.10(b)(1); *Dillon v. United States*, 130 S. Ct. 2683, 2691-92, 2694 (2010). As revised by Amendment 750, section 2D1.1 of the Guidelines still specifies a base offense level of 32 for Horrell given the total of 283.4 grams of crack cocaine for which the district court found him responsible at his original sentencing. *See* § 2D1.1(c)(4) (specifying offense level of 32 for offenses involving "[a]t least 280 [grams] but less than 840 [grams] of Cocaine Base"). Two levels would again be added pursuant to section 3C1.1 for Horrell's attempt to obstruct justice by soliciting perjury from his aunt at his original sentencing. Horrell's adjusted offense level would thus total 34, just as it was in 2009, when the district court reduced his sentence from 293 months to 210 months; likewise, when coupled with his criminal history category of III, his sentencing range would remain unchanged at 188-235 months. Even Horrell, in a pro se supplement he filed below in support of his request to reduce his sentence, conceded that his Guidelines range remained unchanged by the most recent amendments. R. 183 at 1-2. He is therefore ineligible for a further sentencing reduction pursuant to section 3582(c)(2). *See United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010) ("Relief under the statute is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guidelines range.'") (quoting § 1B1.10(a)(2)(B)); *Jackson*, 573 F.3d at 400.

Horrell contends that Amendment 750 would lower his sentencing range if the district court were now to reduce (as he believes it should) the relevant quantity of crack cocaine for which it held him accountable at the time of his original sentencing; he also argues that the court should revisit and eliminate the two-point enhancement he received for attempted obstruction of justice. But a sentencing modification proceeding is not a de novo resentencing. U.S.S.G. § 1B1.10(a)(3); *Dillon*, 130 S. Ct. at 2694. And as we have said, in determining whether a defendant is eligible for a reduction in his sentence in light of a retroactive amendment, a court is limited to factoring the revised guideline into the original sentencing calculations; the court "shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1); *id.* comment (n.2); *see Dillon*, 130 S. Ct. at 2694; *Jackson*, 573 F.3d at 400; *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010).

Horrell's ongoing (and commendable) rehabilitation, which he also mentions in his briefs, would be a relevant factor for the district court to consider in exercising its

discretion to modify Horrell's sentence *if* he were eligible for a reduction under section 3582(c)(2).  § 1B1.10, comment. (n. 1(B)(iii)); *e.g.*, *Neal*, 611 F.3d at 401 ("That a judge may consider a person's behavior in prison no one doubts.").  But it does not establish his eligibility for a modification in his sentence.  *See* § 1B1.10(b)(1) & comment. (nn.1(A) & 2).

We noted earlier that after the district court denied Horrell's section 3582(c)(2) motion and Horrell filed a notice of appeal, Horrell filed a motion to reconsider, which the district court denied and which prompted Horrell to file a second notice of appeal. Horrell's first notice of appeal divested the court of jurisdiction to entertain his motion to reconsider.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (per curiam); *see also, e.g.*, *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010). The arguments that Horrell raised in that motion – including his contention that anything other than a one-to-one sentencing ratio between crack and powder cocaine is unconstitutional – are therefore not before us.  For what it is worth, however, we do note that such arguments have not met with success in this court.  *See, e.g.*, *United States v. Moore*, 644 F.3d 553, 556-58 (7th Cir. 2011) (rejecting substantive due process and equal protection challenges to heavier penalties for offenses involving crack cocaine), *cert. denied*, 132 S. Ct. 1613 (2012).

AFFIRMED.